Michael K. Furey
Robert J. Schoenberg
RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800

Attorneys for Plaintiff
A.M. Best Company, Inc.

| | |
|---|---|
| A.M. BEST COMPANY, INC., | : UNITED STATES DISTRICT COURT |
| | : DISTRICT OF NEW JERSEY |
| Plaintiff, | : CIVIL ACTION NO. |
| | : |
| | : Hon. _____, U.S.D.J. |
| vs. | : |
| | : **VERIFIED COMPLAINT FOR** |
| SNL FINANCIAL LC, | : **COPYRIGHT INFRINGEMENT** |
| | : |
| Defendant. | : **Jury Trial Demanded** |
| | : |

Plaintiff A.M. Best Company, Inc. ("A.M. Best", "AMB" or "Plaintiff"), by and through its attorneys, Riker, Danzig, Scherer, Hyland & Perretti LLP, for its complaint against Defendant SNL Financial LC ("SNL" or "Defendant"), alleges as follows:

## INTRODUCTION

1.     This is an action against SNL to enjoin its intentional, bad faith, and ongoing infringement of AMB's copyrights in its ratings and ratings announcements, in violation of 17 U.S.C. § 101 *et seq*., and SNL's copying, reproduction, republication, and distribution of AMB's copyrighted materials without A.M. Best's consent.  A.M. Best also brings this action against SNL for unfair competition under federal and state law, and breach of contract under state law.

2.     SNL, a competitor of A.M. Best, is displaying on its own website a significant number of A.M. Best's copyrighted ratings and written information slavishly copied from A.M. Best's copyrighted press releases.  Compelling evidence accumulated by A.M. Best demonstrates that SNL is obtaining this copyrighted information by visiting A.M. Best's website and, in violation of the Terms of Use for the A.M. Best website, making wholesale commercial use of A.M. Best's materials on the SNL website.  A.M. Best has learned that users having an e-mail address originating from an SNL controlled domain name, "*name*@snl.com," have accessed the press release and ratings sections of A.M. Best's website in 2010 <u>nearly 10,000 times</u>.  During those visits, SNL has copied verbatim or substantial parts of A.M. Best's ratings and press releases.

3.     Specifically, A.M. Best has learned that SNL has reproduced and distributed A.M. Best's ratings, without its permission, for 94% of the 100 companies that had financial strength ratings events in October 2010, and about which A.M. Best had issued press releases.  As a result of this conduct, SNL is obtaining and republishing, without license or payment, up-to-date ratings information and press release explanations for nearly all of the companies covered by A.M. Best during that period of time.

4.     Upon information and belief, SNL's unauthorized reproduction and misuse of A.M. Best's copyrighted information continues unabated to this day.

5.     As a result of SNL's infringing activities, A.M. Best has suffered and continues to suffer significant and irreparable harm, because its copyrighted material and other proprietary information are being copied, reproduced, republished, distributed and misused by SNL without A.M. Best's permission.  The issuance of preliminary and permanent injunctive relief against SNL's illegal activities is necessary to prevent further

damage to A.M. Best.  A.M. Best also seeks money damages for harms caused by SNL's acts.

## JURISDICTION AND VENUE

6.      This is an action for copyright infringement in violation of 17 U.S.C. §§ 101 *et seq.*, unfair competition under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition and breach of contract under the statutory and common law of the State of New Jersey.

7.      The original and exclusive jurisdiction of this Court over this action is conferred by 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and because A.M. Best's copyright infringement and federal unfair competition claims arise under Section 501(a) of the Copyright Act, 17 U.S.C. § 501(a) and Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

8.      The Court also has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over the state law claims pled herein because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9.      This Court has personal jurisdiction over Defendant because Defendant has business offices in New Jersey, currently transacts and solicits substantial business in the State of New Jersey and within this judicial district, and has at all relevant times purposefully, systematically and continuously directed contacts to and conducted business in New Jersey which have given rise to the acts of infringement and damages and harm sustained by A.M. Best within this judicial district.

10.     Venue in this district is proper under 28 U.S.C. §§ 1391(b) and 1400(a).

## PARTIES

11.     A.M. Best is a New Jersey corporation with its principal place of business at Ambest Road, Oldwick, New Jersey 08858.  Founded in 1899, A.M. Best Company is a full-service credit rating organization dedicated to serving the financial services industries, focusing on the insurance sector.  Policyholders and depositors refer to Best's ratings and analysis as a means of assessing the financial strength and creditworthiness of risk-bearing entities and investment vehicles.

12.     Upon information and belief, SNL is a Virginia limited liability company with a principal place of business at One SNL Plaza, Charlottesville, Virginia 22902.  In addition to being founded in New Jersey in 1987, SNL currently maintains one of its ten global offices at 30 Montgomery Street, Jersey City, New Jersey 07302 for the transaction of business.

## BACKGROUND FACTS

### A.M. Best Owns Copyrighted Materials

13.     A.M. Best develops and publishes financial strength ratings of insurance companies.  It determines the ratings based on its own proprietary methodologies using information from a variety of public and private sources.  It also generally meets with the insurance companies it rates as part of its interactive rating process.  A.M. Best publishes the ratings, along with other opinions and information, on its website and in its various copyrighted publications.  A.M. Best also distributes time-sensitive reports to subscribers of its ratings and news services to inform them of recent rating changes to the companies that A.M. Best follows.

14.     A.M. Best is the copyright owner of the automated database (the "Database") that contains the A.M. Best ratings information and controls the publication of AMB's

ratings and ratings information on A.M. Best's website, through A.M. Best's licensed subscription services and as part of A.M. Best press releases announcing rating events for companies that it follows.

15.    The Database, containing A.M. Best's ratings current as of October 2010, has been registered with the United States Copyright Office.  A copy of the Registration Certificate (Txu 1-689-281) for the Database is attached hereto as Exhibit A.

16.    A.M. Best has filed applications with the United States Copyright Office to register its copyright in the updates to the Database for rating events from November 1, 2010 to December 31, 2010 and from January 1, 2011 through March 31, 2011.  A copy of the Registration Certificates for those updates (TXu 1-724-584; TXu 1-724-587) is attached hereto as Exhibit B.

17.    A.M. Best also owns the copyright in its press releases for rating events issued for the period from October 1, 2010 to March 31, 2011, and has filed applications with the United States Copyright Office to register its copyright in those press releases, along with the required fees and deposits.  Attached hereto as Exhibits C and D, respectively, are true and correct copies of (a) the Registration Certificate for the October 2010 press releases (TX 6-771-771), and (b) receipts and other documentation from the Copyright Office confirming the filing of the applications, fees, and deposits for the other monthly press releases (November 2010 – March 2011).

**SNL Competes With A.M. Best But Does Not Issue Its Own Ratings.**

18.    SNL is a competitor of A.M. Best.  Unlike A.M. Best, SNL is not a credit rating organization dedicated to serving the financial services industries.  Rather, SNL collects, standardizes and disseminates corporate, financial, market and M&A data for the

banking, financial services and insurance industries, among others.   It also publishes information relating to the financial condition of various insurance companies.   SNL's products include an online database with a news component, financial analytical tools, investor relations website hosting, electronic newsletters, and data publications.

19.     SNL has access to and has accessed A.M. Best's ratings and press releases from the A.M. Best website and has a commercial motive to reproduce and distribute the information available from the A.M. Best website for its own benefit.

20.     Upon information and belief, a number of A.M. Best's former sales and news employees are now working for SNL.

21.     Upon information and belief, SNL publishes and makes available on its website and through electronic publications the copyrighted ratings of Standard & Poor's and Moody's services, pursuant to license agreements with those organizations.

22.     In 2004 and again in 2007, SNL inquired whether A.M. Best would grant it a license to reproduce A.M. Best's copyright-protected ratings and related press releases on SNL's commercial website and in SNL's electronic publications. A.M. Best refused to grant SNL any form of license or other authorization to do so on each occasion.

23.     Despite this refusal, SNL thereafter pursued a surreptitious course of illegally copying and reproducing A.M. Best's copyrighted materials in order to republish and distribute that information on and through SNL's website and electronic publications.

**SNL's Infringing Activities Force A.M. Best To Launch An Investigation**

**SNL Copies A.M. Best's Ratings**

24.     Based upon reports that SNL was reproducing A.M. Best's ratings and press releases on its website and distributing that copyrighted information to SNL's subscribers, A.M. Best launched an investigation to determine whether and to what extent SNL was engaged in performing those unauthorized, illegal activities.

25.     The results of the investigation confirmed A.M. Best's suspicions and those of its customers: SNL has been using A.M. Best's financial strength ratings and other copyrighted information without authorization and in violation of A.M. Best's rights in order to attract customers to its site and to sell its services and products.

26.     A review of company-specific financial information appearing on SNL's website, www.snl.com, revealed that SNL had reproduced and distributed a large number of A.M. Best's copyrighted ratings and press releases containing rating event information.  For example, SNL reproduced and republished on its website the A.M. Best ratings for 94 out of 100 companies (the "100 Companies") for which A.M. Best issued financial strength ratings events in October 2010.

27.     With respect to a sample of 60 companies for which A.M. Best did not issue a press release, SNL nevertheless copied the A.M. Best rating for 41 of those 60 companies and republished those ratings on the SNL website in 2010.

28.     Each of the aforementioned A.M. Best financial strength ratings is included in the copyright registration obtained by AMB for the Database.

**SNL Copies A.M. Best's Press Releases**

29.     The investigation also revealed that SNL published on its website "news articles" announcing A.M. Best rating events for nearly all of the 100 Companies. The content of those SNL articles contained substantial, unauthorized reproductions of the text of A.M. Best's press releases for those rated companies, including the A.M. Best rating for each company.

30.     The aforesaid SNL news articles fail to acknowledge that A.M. Best is the copyright owner of most of the information that appeared within each such article, including the A.M. Best rating.  SNL's willful failure to do so misleads the public by creating the improper impression that SNL is the author of the entire article contents.

31.     Thus, SNL has copied, reproduced, republished and distributed, without authorization or license, up-to-date A.M. Best ratings information and explanations for nearly all of the 100 Companies.

32.     Upon information and belief, SNL continues to publish "news articles" concerning A.M. Best ratings information that consist mostly of text and ratings taken from A.M. Best's copyrighted press releases.  Such SNL-created derivative works are without license or authorization of the copyright owner, A.M. Best.

**SNL Deceives The Public As To The True Copyright Owner of A.M. Best Ratings**

33.     Upon information and belief, the Master Subscription Agreement ("MSA") that SNL requires its customers to sign before accessing its services and products contains terms requiring its customers to respect the proprietary interests of other companies. Specifically, the MSA acknowledges that CUSIPs, S&P Ratings and Related Items, Moody's Rights to Data and Related Items, SEDOL Data and Thomson Consensus Estimates are and

shall remain the "valuable intellectual property owned by or licensed to" each respective company.  The MSA further declares that the Standard & Poor's CUSIP Service Bureau ("CSB") information displayed on the SNL website is "valuable intellectual property owned by, or licensed to CSB and the American Bankers Association."

34.    Upon information and belief, SNL's customers must sign the Master Subscription Agreement and agree to protect and not misuse the content of SNL's website and the proprietary information licensed by SNL from Standard & Poor's, Moody's and other owners of copyrighted and trademarked materials.

35.    By comparison, SNL's Master Subscription Agreement intentionally fails to acknowledge the A.M. Best copyrighted information that it displays on its website.  Nor does the MSA require SNL's subscribers to respect A.M. Best's copyrights in the ratings and press release information appearing on SNL's website.

36.    Upon information and belief, SNL claims copyright protection for A.M. Best's ratings and other information it publishes on its website, as well as for the articles appearing on its website explaining A.M. Best issued rating events.

**SNL Improperly Uses Information From A.M. Best's Website**

37.    A.M. Best's internal investigation also confirmed that SNL is actively monitoring and accessing A.M. Best's website for the improper purpose of viewing and illegally copying and reproducing a significant number of A.M. Best's ratings and ratings press releases for use on SNL's own website.

38.    For the period from October 1 to December 31, 2010, users with an SNL web address ("name@snl.com") accessed the press release or ratings section of A.M. Best's website 3,396 times. One of those users, with an address of "jwright@snl.com" accessed

A.M. Best's website on <u>2,543 separate occasions</u>, including 733 press releases and 1665 ratings, during that three-month period.

39.     To be registered with and use the A.M. Best website, all users, including the SNL employees described above, must agree to A.M. Best's Terms of Use which prohibit the use of A.M. Best's proprietary materials for any purpose other than incidental, noncommercial use.

40.     The A.M. Best Terms of Use state, in relevant part:

USE OF THE WEB SITE

All information provided by A.M. Best on the Web Site, including but not limited to text, data, ratings, reports, images, photos, graphics, and charts (the "Content") is owned by or licensed to A.M. Best Company and/or its subsidiaries (collectively "A.M. Best") and **is protected by United States copyright laws** and international treaty provisions. …

**You acknowledge that A.M. Best and its licensors own and shall retain the exclusive right, title and ownership in and to all copyrights, trade secrets, trademarks and other proprietary rights in the Content. All unauthorized use of published information (including e-mail addresses) is strictly prohibited without prior written permission from A.M. Best. You agree not to reproduce, retransmit, disseminate, sell, sub-license, distribute, publish, broadcast, make available or circulate the Content to any third party.** A.M. Best does, however, authorize you to copy a limited number of documents published on the Web Site or transmitted via e-mail for noncommercial use within your organization. This does not apply to fee-based or subscription information that is licensed specifically to individual customers or subscribers. In consideration of this authorization, **you agree that any copy of these documents that you make shall retain all copyright and other proprietary notices contained therein.**

Each individual document published by A.M. Best on the Web Site or transmitted via e-mail may contain other proprietary notices and copyright information relating to that individual document. Likewise, any product, process, or technology, contained in individual documents on the Web Site may be the subject of other intellectual property rights reserved by A.M. Best, and may not be licensed hereunder.

> All trade names, trademarks, service marks, images and logos on materials, including electronic facsimiles, published by A.M. Best are proprietary to their respective owners and are protected by applicable trademark and copyright laws. **Any unauthorized use of A.M. Best owned marks or graphics is strictly prohibited.**

Terms of Use, *available at*  http://www.ambest.com/terms.html (boldface added).

41.     SNL reproduces on its website two categories of A.M. Best information: the actual financial strength rating and related rating information, and substantial portions of A.M. Best's press releases announcing and explaining a ratings event.  SNL has reproduced portions verbatim or closely paraphrased parts of the press releases and distributed them to its subscribers.

42.     SNL's reproduction of A.M. Best's financial strength ratings and press release information on its own commercial website and in its electronic publications, all without authorization, is a breach of the A.M. Best Terms of Use.

43.     SNL's unauthorized and unlicensed copying, reproduction, republication, and distribution of A.M. Best's financial strength ratings, ratings rationale, and press releases constitute a violation of the copyright laws of the United States and A.M. Best's proprietary rights.

44.     In addition to these unauthorized acts, SNL wrongfully misleads the public by displaying stale A.M. Best ratings.

45.     A.M. Best has committed to reviewing every company at least annually (within 12-13 months). The display of a date that is 14-15 months old, which is the case in this situation, creates doubt in the investors' or other interested parties' minds on A.M. Best's ability to maintain adequate surveillance of a company's financial condition.

46.     In at least one instance, SNL published and maintains on its website an A.M. Best rating that is inaccurate and misleading.  A.M. Best downgraded the rating of Coral Insurance Company from E to F on October 6, 2010, yet SNL's site has listed and continues to list that rating as "E", as least as early as April 9, 2009.

47.     And, in yet another misstatement, SNL broadly claims in its "About Us" section on its website that <u>ratings agencies</u> "rel[y] on SNL Financial for the best possible information on the companies" in a particular sector.  (*See* Exhibit E attached hereto, SNL "About Us" page).  This is misleading to the extent that it also implies that A.M. Best, one of the preeminent ratings organizations in the United States, relies on SNL for information. To the contrary, A.M. Best does not rely on SNL for any form of information in determining or disseminating its ratings.

**SNL Improperly Publishes A.M. Best Rating Information On Third-Party**
**Websites and Falsely Claims Copyright Ownership Of That Information**

48.     SNL does not limit the infringement of A.M. Best's copyrighted materials to its own website, <u>www.snl.com</u>.  SNL also republishes A.M. Best ratings and rating information, without authorization or license, on third-party websites as well.  These acts further mislead the public.

49.     SNL provides various insurance companies with a "hot link" to databases residing within the SNL website, as well as XML programming code, to enable the insurance companies to place a "frame" on their website displaying the A.M. Best rating for that company, as well as the company rating issued by Moody's and/or Standard & Poor's.  Each of those ratings is automatically "pushed" (copied) onto the insurance company website by SNL.  A sample of those framed ratings charts is attached hereto as Exhibit F.

50.    The reproduction of A.M. Best ratings by SNL on third-party websites is without authorization or license.

51.    SNL compounds the violation of A.M. Best's copyright rights by knowingly, and with fraudulent intent, displaying within each such "framed" ratings chart the following false statement: "Copyright 2011, © SNL Financial LC."

52.    By reproducing and distributing A.M. Best ratings as its own copyrighted material and publicly distributing and causing others to publicly distribute electronic publications containing a false notice of copyright ownership of A.M. Best's ratings, SNL has violated 17 U.S.C. § 506(c).

53.    As a result of such conduct, A.M. Best has suffered and continues to suffer significant and irreparable harm, because its copyrighted material and other proprietary information is being reproduced and distributed by SNL without A.M. Best's permission. The issuance of a preliminary injunction and expedited discovery is necessary to prevent further damage to A.M. Best.

## FIRST CAUSE OF ACTION
(Copyright Infringement)

54.    A.M. Best repeats and realleges the allegations set forth in paragraphs 1 through 53 as if fully set forth herein.

55.    By its actions described above, SNL has infringed A.M. Best's copyrights by unauthorized copying, reproducing, republishing, and distributing on its website copies of A.M. Best's copyrighted materials, including its financial strength ratings and substantial portions of the contents of A.M. Best press releases.

56.     Such conduct by SNL infringes A.M. Best's copyrights and constitutes a violation of the exclusive rights granted to A.M. Best under 17 U.S.C. § 106.

57.     Upon information and belief, SNL continues to infringe A.M. Best's copyrighted materials and will continue to infringe those materials unless enjoined by this Court.

58.     All of SNL's acts were performed intentionally, in bad faith, and with the purpose of depriving A.M. Best of the right to control the use and publication of its copyrighted materials.

59.     SNL's actions, as alleged above, are causing great and irreparable harm to A.M. Best and, unless restrained and enjoined by this Court, will continue to cause great and irreparable damage, loss, and injury to A.M. Best, leaving it with no adequate remedy at law.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition under 15 U.S.C. § 1125(a))

60.     A.M. Best repeats and realleges the allegations set forth in paragraphs 1 through 59 as if fully set forth herein.

61.     SNL has knowingly and, with fraudulent intent, falsely represented to the public and to purchasers and potential purchasers of A.M. Best's products and services that SNL is the copyright owner of A.M. Best's ratings.

62.     Upon information and belief, SNL has published to its customers, and visitors to its website, one or more misleading, inaccurate and/or stale ratings allegedly issued by A.M. Best.

63.     The acts of SNL and in particular its willful misappropriation of A.M. Best's property rights in and to its ratings and the explanations for ratings events in order to market

SNL's own products and to directly compete with A.M. Best, and SNL's actions are willful, oppressive, fraudulent and malicious, and are committed by SNL with the intent to deprive A.M. Best of its property and/or legal rights and/or otherwise to cause injury.

64.     SNL's deliberate and intentional misappropriation and palming off of A.M. Best's ratings and explanations, and unauthorized sales thereof are intended to lead the public to believe that there is a connection or association between SNL and A.M. Best where there is none.

65.     The foregoing acts and conduct of SNL have caused and are likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that SNL is a licensee, authorized distributor or affiliate of A.M. Best, or that SNL and its activities are authorized, endorsed, sponsored or approved by A.M. Best, or that SNL and its activities originate with, are connected with, or are associated with A.M. Best.

66.     A.M. Best's ratings and its reputation associated therewith have significant monetary value to A.M. Best.  Upon information and belief, SNL has made and/or will make substantial profits as the direct result of the aforesaid unauthorized actions.

67.     Such unconscionable and deceitful commercial practices justify an award of punitive and exemplary damages against SNL.

68.     SNL's unlawful and willful actions have caused and are continuing to cause irreparable harm and damages to A.M. Best and will continue to damage A.M. Best unless the Court enjoins SNL from the committing the aforesaid acts.

69.     A.M. Best has no adequate remedy at law.

## THIRD CAUSE OF ACTION
(State Law Unfair Competition)

70.     A.M. Best repeats and realleges the allegations set forth in paragraphs 1
through 69 as if fully set forth herein.

71.     This cause of action arises under the New Jersey Fair Trade Act, N.J.S.A.
56:4-1 *et seq.* (2001).

72.     SNL, by reason of the foregoing wrongful acts, has engaged in unfair methods
of competition and unfair and deceptive acts and practices in the conduct of its trade, which
acts and practices have injured A.M. Best within the meaning, and in violation of, the statutes
of the State of New Jersey.

73.     Moreover, SNL is liable to an injunction against such practices, and shall be
liable in such suit for all damages, directly or indirectly caused, to A.M. Best by such
practices, which damages may be trebled in the discretion of the court.

74.     SNL's wrongful conduct, unless and until enjoined and restrained by Order of
this Court, will cause great and irreparable injury to A.M. Best in that SNL's engaging in
unfair methods of competition and unfair and deceptive acts and practices has and will
continue to harm A.M. Best's goodwill and reputation for which there is no adequate
monetary relief.

## FOURTH CAUSE OF ACTION
(Common Law Unfair Competition)

75.     A.M. Best repeats and realleges the allegations set forth in paragraphs 1
through 74 as if fully set forth herein.

76.     A.M. Best's ratings and its reputation associated therewith have significant
monetary value to A.M. Best.  SNL has willfully misappropriated A.M. Best's property

rights in and to its ratings and the explanations for ratings events.  SNL's deliberate and intentional misappropriation and palming off of A.M. Best's ratings and explanations, and unauthorized sales thereof are intended to lead the public to believe that there is a connection or association between SNL and A.M. Best where there is none.

77.     Upon information and belief, SNL has made and/or will make substantial profits as the direct result of the aforesaid unauthorized actions.

78.     Upon information and belief, SNL has published to its customers, and viewers of its website, one or more misleading, inaccurate and/or stale ratings allegedly issued by A.M. Best ratings.

79.     SNL's actions have injured A.M. Best's reputation and good will, caused A.M. Best to suffer financially, and constitute unfair competition in derogation of the common law of the State of New Jersey.

80.     A.M. Best has no remedy at law that will adequately address all of the past and continuing harm it has and will suffer as a result of SNL's past and continuing conduct.

81.     As a direct and proximate result of SNL's conduct, A.M. Best has suffered and will continue to suffer damages in an amount presently unknown and to be ascertained at time of trial.

## FIFTH CAUSE OF ACTION
### (Breach of Contract)

82.     A.M. Best repeats and realleges the allegations set forth in paragraphs 1 through 81 as if fully set forth herein.

83.     SNL and its employees and agents agreed to comply with the Terms of Use of A.M. Best's website as a condition for their access to and navigation of the A.M. Best website and its content.

84.     SNL, through the actions of its employees and agents, has breached the Terms of Use agreement by extracting and copying A.M. Best's copyrighted ratings, press releases and other information appearing on A.M. Best's website and republishing that copyrighted information on SNL's own commercial website, all without authorization or license from A.M. Best.

85.     SNL has further breached the Terms of Use by reproducing, retransmitting, disseminating, selling, sub-licensing, distributing, publishing, broadcasting and making available to the third parties, via its own website and publications, the copyrighted content that it illegally obtained from A.M. Best's website.

86.     As a result of these willful breaches, A.M. Best has suffered and will suffer immediate, severe and irreparable harm to its business and reputation.

87.     A.M. Best has no remedy at law that will adequately address all of the past and continuing harm it has and will suffer as a result of SNL's past and continuing conduct.

## PRAYER FOR RELIEF

WHEREFORE, A.M. Best respectfully requests that judgment be entered in its favor and against SNL for the following relief:

A.  That the Court issue a declaration that SNL's acts and conduct infringe A.M. Best's copyright in its ratings and press releases;

B.  That the Court issue a declaration that SNL's acts and conduct are willful;

     C.  That the Court issue an injunction, pursuant to 17 U.S.C. § 502(a), N.J.S.A. 56:4-2 and/or the equity powers of this Court, directing that SNL, its agents, representatives and employees, and all persons in privity therewith be preliminarily and permanently enjoined and restrained from:

     (1)   copying, reproducing, publishing or distributing A.M. Best's copyrighted materials in any form or medium;

     (2)   publishing, selling, marketing, distributing or otherwise making available to third parties, directly or indirectly, in any form or medium any products or services containing, in whole or in part, any of A.M. Best's copyrighted materials; and

     (3)   making false representations of copyright ownership with respect to any A.M. Best rating information, press releases or other A.M. Best copyrighted materials.

     D.  That the Court direct SNL and its directors, officers, agents, employees, and representatives, and all persons and entities in privity with or under the control of SNL, to:

     (1)   remove from all websites, servers, computer systems, databases and storage devices in the custody or control of SNL or its affiliates, any and all of A.M. Best's copyrighted materials that appear or are contained therein and deliver up all copies of such materials for destruction; and

     (2)   cause to be removed and permanently deleted from all websites, servers, computer systems, databases and storage devices all A.M. Best copyrighted materials, including links or computer source code to such material, that were provided by or on behalf of SNL to any SNL subscriber, website visitor or other third parties; and

(3)    cause to be removed and permanently deleted from all websites, servers, computer systems, databases and storage devices any representation that SNL is the copyright owner of any A.M. Best rating, rating information or press release.

E.   That the Court require SNL and its officers, agents, employees, or representatives, and all persons in privity with SNL, to file with this Court and serve upon A.M. Best a report in writing and under oath setting forth in detail the manner and form in which SNL has complied with the terms of the injunction;

F.   That the Court award A.M. Best actual and/or statutory damages pursuant to 17 U.S.C. § 504;

G.   That the Court find that SNL's copyright infringement was, and continues to be, willful and that SNL's liability to A.M. Best for each such infringement be increased to the maximum amount allowed of $150,000 per work infringed should A.M. Best elect to recover statutory damages pursuant to 17 U.S.C. § 504;

H.   That the Court order SNL to pay A.M. Best's general, special, punitive and compensatory damages including, but not limited to, a trebling of A.M. Best's damages pursuant to N.J.S.A. 56:4-1 *et seq.*;

I.   That SNL be required to account to A.M. Best for all profits realized from Defendant's copyright infringement. and to pay A.M. Best for all damages sustained by A.M. Best on account of the aforesaid acts of copyright infringement;

J.   That the Court award pre-judgment interest to A.M. Best;

K.   That the Court require SNL to pay to A.M. Best the costs of this action, including attorneys' fees and disbursements incurred, pursuant to 17 U.S.C. § 505; and

L.   Any such other and further relief as this Court deems just and equitable.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Civil

Rule 38.1, A.M. Best hereby demands a trial by jury on each claim of the Complaint so

triable.

RIKER, DANZIG, SCHERER, HYLAND
   & PERRETTI LLP
Attorneys for Plaintiff
A.M. Best Company, Inc.

By: _____
Michael K. Furey

Dated:  April 7, 2011.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to L. Civ. R. 11.2, the undersigned attorney for Plaintiff, A.M. Best Company, Inc., certifies that, to the best of his knowledge, the matter in controversy is not the subject of any other action pending in any court or of any arbitration or administrative proceeding.

## CERTIFICATION OF NON-ARBITRABILITY

Pursuant to Local Civil Rule 201.1(d)(2), the undersigned attorneys for Plaintiff, A.M. Best Company, Inc., certify that this action is not eligible for arbitration under Local Civil Rule 201.1 because the relief sought in the Complaint primarily consists of a demand for preliminary and permanent injunctive relief, as well as damages believed to be in excess of $150,000.00, exclusive of interest, costs, and any claim for punitive damages, and involves complex issues of federal copyright law, among others.

RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
Attorneys for Plaintiff
A.M. Best Company, Inc.

By: _Michael K. Furey_

Michael K. Furey

Dated:  April 7, 2011.

## **VERIFICATION**

James Snee, of full age, hereby certifies and states:

1.      I am the Group Vice President of Global Information Products and Services at A.M. Best Company, Inc., the plaintiff in this action.

2.      I have read the Verified Complaint in this action and am familiar with its contents.  The factual allegations contained in the Verified Complaint are true to the best of my personal knowledge, except as follows: (a) with regard to Paragraphs 2 and 38 (SNL access to A.M. Best website), the factual allegations are believed to be true, based on web tracking and statistics data available in A.M. Best's database as of March 2011; (b) with regard to Paragraphs 26-27, 29-30, 41 and 46 (the SNL website investigation), the factual allegations are believed to be true, based upon the external investigation conducted on behalf of A.M. Best; and with regard to Paragraphs 15-17 (copyright registrations), the factual allegations are believed to be true, based upon the Declaration of Maureen Newman submitted in support of A.M. Best's application for a preliminary injunction.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
James Snee

DATED: April 7, 2011

-23-

## VERIFICATION

Maureen Newman, of full age, hereby certifies and states:

1.      I am the Corporate Librarian and Archivist at A.M. Best Company, Inc., the plaintiff in this action.

2.      I have read the Verified Complaint in this action and am familiar with its contents.  The factual allegations alleged in Paragraphs 15-17 of the Verified Complaint and the exhibits referenced therein (copyright registrations) are true to the best of my personal knowledge.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
Maureen Newman

DATED:  April 7, 2011


4112886