David Leit
Khizar A. Sheikh
Jamie R. Gottlieb
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey  07068
973.597.2500
*Attorneys for SNL Financial LC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| A.M. BEST COMPANY, INC., | : | Document Filed Electronically |
| | : | |
| Plaintiff and Counterclaim Defendant, | : | |
| | : | Civil Action No. 11-1994 (SDW)(MCA) |
| v. | : | |
| | : | |
| SNL FINANCIAL LC, | : | Jury Trial Demanded |
| | : | |
| Defendant and Counterclaim Plaintiff. | : | |
| | : | |

### SNL FINANCIAL LC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO THE AMENDED COMPLAINT FILED BY A.M. BEST COMPANY, INC.

Defendant SNL Financial LC ("SNL"), by and through its attorneys, Lowenstein Sandler PC, answers the Amended Complaint filed by Plaintiff A.M. Best Company, Inc. ("A.M. Best" as follows:

### INTRODUCTION

1.    SNL denies each and every allegation contained in paragraph 1 of the Amended Complaint.

2.    SNL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint. SNL denies that A.M.

Best's financial strength ratings ("FSRs") are copyrighted and/or are copyrightable subject matter.

3.    SNL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Amended Complaint. SNL denies that the FSRs are copyrighted and/or are copyrightable subject matter.

4.    SNL admits that it is neither a licensed distributor of nor a licensed subscriber to A.M. Best's BestWire publication, and that it obtains information from third party sources. SNL denies each and every remaining allegation contained in paragraph 4 of the Amended Complaint. By way of further information, SNL affirmatively avers that its products consist of both information received from third party sources, as well as original data, analyses, and news reports created by SNL journalists. The reporting of financial strength ratings for insurance companies accounts for a very small fraction of SNL's products. SNL's reporting of FSRs issued by A.M. Best accounts for much less than one percent of SNL's products.

5.    SNL admits that it has license agreements in place with S&P and Moody's, and respectfully refers the Court to those agreements for their true content in proper context. SNL admits that it uses data sourced from S&P and Moody's in its service offerings. SNL denies each and every remaining allegation contained in paragraph 5 of the Amended Complaint.

6.    SNL denies each and every allegation contained in paragraph 6 of the Amended Complaint.

7.    SNL denies each and every allegation contained in paragraph 7 of the Amended Complaint.

8.    SNL admits that SNL employees have visited A.M. Best's website, but is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding

2

the number of times SNL employees have visited A.M. Best's website. SNL denies each and every remaining allegation contained in paragraph 8 of the Amended Complaint.

9.     SNL denies each and every allegation contained in paragraph 9 of the Amended Complaint.

10.     SNL admits that that action purports to bring claims for copyright infringement, misappropriation under common law, unfair competition under federal and state law, and breach of contract under state law. SNL denies that any such claims have any basis in law or fact.

## JURISDICTION AND VENUE

11.     The allegations in paragraph 11 of the Amended Complaint state legal conclusions that require no response.

12.     The allegations in paragraph 12 of the Amended Complaint state legal conclusions that require no response. SNL does not contest the subject matter jurisdiction of this Court.

13.     The allegations in paragraph 13 of the Amended Complaint state legal conclusions that require no response. SNL does not contest the supplemental jurisdiction of this Court over the state law claims raised in this action.

14.     The allegations in paragraph 14 of the Amended Complaint state legal conclusions that require no response. SNL does not contest the personal jurisdiction of this Court.

15.     The allegations in paragraph 15 of the Amended Complaint state legal conclusions that require no response. SNL does not contest venue in this Court.

## PARTIES

16.     SNL denies knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Amended Complaint.

17.     SNL admits the allegations contained in paragraph 17 of the Amended Complaint, except affirmatively avers that it maintains thirteen global offices, not ten.

## FACTS COMMON TO ALL COUNTS

18.     SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 18 of the Amended Complaint.

19.     SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 19 of the Amended Complaint.

20.     SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 20 of the Amended Complaint.

21.     SNL denies that an FSR reflects A.M. Best's original, copyrightable expression. SNL denies knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 21 of the Amended Complaint.

22.     SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 22 of the Amended Complaint.

23.     SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 23 of the Amended Complaint.

24.     SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 24 of the Amended Complaint.

25.     SNL denies that the FSRs are copyrighted and/or are copyrightable subject matter. SNL denies knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 25 of the Amended Complaint.

26.     SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 26 of the Amended Complaint.

27.   SNL denies that the FSRs are copyrighted and/or are copyrightable subject matter. SNL denies knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 27 of the Amended Complaint.

28.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 28 of the Amended Complaint.

29.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 29 of the Amended Complaint and respectfully refers the Court to Exhibit K for its true content.

30.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 30 of the Amended Complaint.

31.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 31 of the Amended Complaint.

32.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 32 of the Amended Complaint.

33.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 33 of the Amended Complaint.

34.   The allegations contained in paragraph 34 of the Amended Complaint state legal conclusions that require no response. To the extent a response is required, SNL denies each and every allegation contained in paragraph 34 of the Amended Complaint. SNL respectfully refers the Court to Exhibit B for its true content in proper context.

35.   SNL denies that a group registration of A.M. Best's automated database of FSRs satisfies the legal requirements for obtaining a copyright registration for the FSRs. SNL denies knowledge or information sufficient to form a belief about the remaining allegations contained in

5

paragraph 35 of the Amended Complaint. SNL respectfully refers the Court to Exhibit O for its true content in proper context.

36.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 36 of the Amended Complaint.

37.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 37 of the Amended Complaint. SNL denies that the FSRs are copyrightable material. SNL respectfully refers the Court to Exhibit C for its true content in proper context.

38.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 38 of the Amended Complaint. SNL respectfully refers the Court to Exhibit D for its true content in proper context.

39.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 39 of the Amended Complaint. SNL respectfully refers the Court to Exhibit E for its true content in proper context. The allegations contained in the last sentence of paragraph 39 of the Amended Complaint state legal conclusions that require no response. To the extent a response is required, SNL denies each and every allegation contained in the last sentence of paragraph 39 of the Amended Complaint, and specifically denies that a copyright registration can possibly constitute evidence of the existence of a copyright in facts, which, as a matter of law, are not copyrightable.

40.   SNL denies that the FSRs are copyrighted and/or are copyrightable subject matter. SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 40 of the Amended Complaint.

41.  SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 41 of the Amended Complaint. SNL respectfully refers the Court to Exhibit A for its true content in proper context.

42.  SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 42 of the Amended Complaint. SNL respectfully refers the Court to Exhibit G for its true content in proper context. The allegations contained in the last sentence of paragraph 42 of the Amended Complaint state legal conclusions that require no response. To the extent a response is required, SNL denies each and every allegation contained in the last sentence of paragraph 42 of the Amended Complaint, and specifically denies that that a copyright registration can possibly constitute evidence of the existence of a copyright in facts, which, as a matter of law, and not copyrightable.

43.  SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 43 of the Amended Complaint. SNL respectfully refers the Court to Exhibit H for its true content in proper context.

44.  SNL admits that it is neither an NRSRO nor an issuer of its own credit ratings. SNL also admits that it provides financial data on business sectors, including the insurance industry. SNL denies each and every remaining allegation contained in paragraph 44 of the Amended Complaint. By way of further information, SNL affirmatively avers that it collects, standardizes, and disseminates a myriad of information (e.g., financial and market data, news and expert analysis, brokerage reports and corporate filings, economic data and industry events, mergers and acquisitions data, capital offerings and issuance data, corporate officer and director information, regulatory data, market share, and other industry-specific data sets) for companies in four main business sectors: Financial Institutions, Real Estate, Energy, and Media &

Communications. The Financial Institutions sector includes: Banks & Thrifts, Insurance, Financial Services, and Financial Technology. The Energy sector includes: Electric Power, Natural Gas, and Coal. For each business sector, SNL offers bundled information packages to companies for a fee that include the content cited above and a suite of analytical tools for analyzing this content. The credit ratings of companies in any of the business sectors comprise a very small fraction of the information contained in any bundled information package. None of SNL's product offerings consists solely of credit ratings data, and credit ratings data constitute a minute percentage of the data in SNL's product offerings.

45. SNL denies each and every allegation contained in paragraph 45 of the Amended Complaint. By way of further information, SNL affirmatively avers that its news services include both originally reported news created by SNL's more than 150 reporters, as well as news summarized from various third party sources. When SNL summarizes news from third party sources, it also provides context for the reader to better understand the story and links the story to other related articles and website pages and to information on the companies, assets, transactions, etc. mentioned in the story. SNL affirmatively avers that a very small number of its employees have previously been employed by A.M. Best, and that these employees' previous employment with A.M. Best is of no assistance to SNL in accessing A.M. Best's website, which is publicly and freely available. Former A.M. Best employees, therefore, provide no additional benefit to SNL with respect to locating information about A.M. Best's FSRs and press releases from third party sources.

46. SNL denies each and every allegation contained in paragraph 46 of the Amended Complaint.

47.  SNL denies each and every allegation contained in paragraph 47 of the Amended Complaint.

48.  SNL admits that credit ratings issued by S&P and Moody's are available from SNL, and that SNL has licensing agreements with these two entities. SNL denies knowledge or information sufficient to form a belief about whether the credit ratings issued by S&P and Moody's are copyrighted or copyrightable. SNL denies each and every remaining allegation contained in paragraph 48 of the Amended Complaint.

49.  SNL admits that it engaged in license discussions with A.M. Best in 2004 and 2007. SNL denies each and every remaining allegation contained in paragraph 49 of the Amended Complaint.

50.  SNL denies each and every allegation contained in paragraph 50 of the Amended Complaint.

51.  SNL denies that the FSRs are copyrighted and/or are copyrightable subject matter. SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 51 of the Amended Complaint.

52.  SNL denies each and every allegation contained in paragraph 52 of the Amended Complaint.

53.  SNL denies each and every allegation contained in paragraph 53 of the Amended Complaint. By way of further information, SNL affirmatively avers that its databases do not contain any information downloaded or copied from A.M. Best's website. SNL obtains A.M. Best's FSRs, and the press releases that accompany these FSRs, from readily available third party sources, including Business Wire, Acquire Media, and other sources.

54.   SNL denies knowledge or information sufficient to form a belief about the allegations contained in the first sentence of paragraph 54 of the Amended Complaint. SNL denies each and every allegation contained in the second sentence of paragraph 54 of the Amended Complaint. SNL further refers to its responses above in paragraphs 28-29.

55.   SNL admits that it republishes FSRs issued by A.M. Best. SNL denies each and every remaining allegation contained in paragraph 55 of the Amended Complaint. By way of further information, SNL affirmatively avers that it also republishes the credit ratings issued to companies in all four of its business sectors (*see supra*, paragraph 44). The myriad of information SNL collects, standardizes, and disseminates, including the credit ratings, is sold to companies as part of bundled information packages. The credit ratings constitute only a small fraction of the total amount of information contained in a bundled information package.

56.   SNL denies each and every allegation contained in paragraph 56 of the Amended Complaint. In particular, SNL denies that A.M. Best's FSRs are "independently copyrighted" or "encompassed by the copyright registrations obtained by A.M. Best for the Database and its updates."

57.   SNL denies each and every allegation contained in paragraph 57 of the Amended Complaint.

58.   SNL respectfully refers the Court to Exhibits I-1 and I-2 for their true content in proper context. SNL denies each and every remaining allegation contained in paragraph 58 of the Amended Complaint.

59.   SNL admits that it publishes news articles. SNL denies each and every remaining allegation contained in paragraph 59 of the Amended Complaint.

60.  SNL respectfully refers the Court to Exhibit J for its true content in proper context. SNL denies the description of the meaning and import of Exhibit J as characterized in paragraph 60 of the Amended Complaint.

61.  SNL respectfully refers the Court to Exhibit J for its true content in proper context. SNL denies the description of the meaning and import of Exhibit J as characterized in paragraph 61 of the Amended Complaint.

62.  SNL respectfully refers the Court to Exhibit J for its true content in proper context. SNL denies the description of the meaning and import of Exhibit J as characterized in paragraph 62 of the Amended Complaint.

63.  SNL respectfully refers the Court to Exhibit J for its true content in proper context. SNL denies the description of the meaning and import of Exhibit J as characterized in paragraph 63 of the Amended Complaint.

64.  SNL denies each and every allegation contained in paragraph 64 of the Amended Complaint.

65.  SNL denies each and every allegation contained in paragraph 65 of the Amended Complaint.

66.  SNL admits that it has accessed the A.M. Best website's web site, but denies knowledge or information sufficient to form a belief about the number of times as alleged in the Amended Complaint. SNL denies knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 66 of the Amended Complaint.

67.  SNL admits that it has accessed the A.M. Best website's Member Center, but denies knowledge or information sufficient to form a belief about the number of times as alleged in the

Amended Complaint. SNL denies knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 67 of the Amended Complaint.

68. SNL denies each and every allegation contained in paragraph 68 of the Amended Complaint. SNL respectfully refers the Court to Exhibit L for its true content in proper context.

69. SNL denies each and every allegation contained in paragraph 69 of the Amended Complaint.

70. SNL denies each and every allegation contained in paragraph 70 of the Amended Complaint.

71. SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 71 of the Amended Complaint.

72. SNL denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 72 of the Amended Complaint.

73. SNL respectfully refers the Court to Exhibit M for its true content in proper context. SNL denies the description of the meaning and import of Exhibit M as characterized in paragraph 73 of the Amended Complaint. SNL denies each and every remaining allegation contained in paragraph 73 of the Amended Complaint.

74. SNL denies each and every allegation contained in paragraph 74 of the Amended Complaint.

75. SNL denies each and every allegation contained in paragraph 75 of the Amended Complaint.

76. SNL denies each and every allegation contained in paragraph 76 of the Amended Complaint. SNL respectfully refers the Court to Exhibit N for its true content in proper context. By way of further information, SNL affirmatively avers that one of the many services SNL offers

is its Investor Relations Solutions service. Through this service, SNL builds, manages, and hosts investor relations websites for publicly traded companies. The hosted investor relations website mirrors the company's brand image and matches the company's corporate website. SNL regularly updates each investor relations website with information critical to the company's investors, including credit ratings.

77.   SNL denies each and every allegation contained in paragraph 77 of the Amended Complaint.

78.   SNL denies each and every allegation contained in paragraph 78 of the Amended Complaint. By way of further information, SNL affirmatively avers that it displays the following statement: "Copyright 2011, © SNL Financial LC." This copyright statement relates to the original charts created by SNL for the purpose of reporting a company's credit ratings, including the FSRs issued by A.M. Best.

79.   The allegations in paragraph 79 of the Amended Complaint state legal conclusions that require no response. To the extent a response is required, SNL denies each and every allegation contained in paragraph 79 of the Amended Complaint. SNL denies that it displays a "false notice of copyright ownership[.]"

80.   SNL denies each and every allegation contained in paragraph 80 of the Amended Complaint.

81.   SNL denies each and every allegation contained in paragraph 81 of the Amended Complaint.

82.   SNL denies each and every allegation contained in paragraph 82 of the Amended Complaint. By way of additional information, SNL affirmatively avers that it does not produce or develop its own financial ratings.

13

83. SNL denies each and every allegation contained in paragraph 83 of the Amended Complaint.

## FIRST CAUSE OF ACTION

(Copyright Infringement)

84. SNL incorporates by reference the responses set forth in paragraphs 1 through 83 above.

85. SNL denies each and every allegation of paragraph 85 of the Amended Complaint.

86. SNL denies each and every allegation of paragraph 86 of the Amended Complaint.

87. SNL denies each and every allegation of paragraph 87 of the Amended Complaint.

88. SNL denies each and every allegation of paragraph 88 of the Amended Complaint.

89. SNL denies each and every allegation of paragraph 89 of the Amended Complaint.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition under 15 U.S.C. § 1125(a))

90. SNL incorporates by reference the responses set forth in paragraphs 1 through 89 above.

91. SNL denies each and every allegation of paragraph 91 of the Amended Complaint.

92. SNL denies each and every allegation of paragraph 92 of the Amended Complaint.

93. SNL denies each and every allegation of paragraph 93 of the Amended Complaint.

94. SNL denies each and every allegation of paragraph 94 of the Amended Complaint.

95. SNL denies each and every allegation of paragraph 95 of the Amended Complaint.

96. SNL denies each and every allegation of paragraph 96 of the Amended Complaint.

97. SNL denies each and every allegation of paragraph 97 of the Amended Complaint.

98. SNL denies each and every allegation of paragraph 98 of the Amended Complaint.

99. SNL denies each and every allegation of paragraph 99 of the Amended Complaint.

100. SNL denies each and every allegation of paragraph 100 of the Amended Complaint.

## THIRD CAUSE OF ACTION

(State Law Unfair Competition)

101. SNL incorporates by reference the responses set forth in paragraphs 1 through 100 above.

102. SNL denies each and every allegation of paragraph 102 of the Amended Complaint.

103. SNL denies each and every allegation of paragraph 103 of the Amended Complaint.

104. SNL denies each and every allegation of paragraph 104 of the Amended Complaint.

105. SNL denies each and every allegation of paragraph 105 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

(Common Law Unfair Competition)

106. SNL incorporates by reference the responses set forth in paragraphs 1 through 105 above.

107. SNL denies each and every allegation of paragraph 107 of the Amended Complaint.

108. SNL denies each and every allegation of paragraph 108 of the Amended Complaint.

109. SNL denies each and every allegation of paragraph 109 of the Amended Complaint.

110. SNL denies each and every allegation of paragraph 110 of the Amended Complaint.

111. SNL denies each and every allegation of paragraph 111 of the Amended Complaint.

112. SNL denies each and every allegation of paragraph 112 of the Amended Complaint.

## FIFTH CAUSE OF ACTION

(Breach of Contract)

113. SNL incorporates by reference the responses set forth in paragraphs 1 through 112 above.

114. SNL denies each and every allegation of paragraph 114 of the Amended Complaint.

115. SNL denies each and every allegation of paragraph 115 of the Amended Complaint.

116. SNL denies each and every allegation of paragraph 116 of the Amended Complaint.

117. SNL denies each and every allegation of paragraph 117 of the Amended Complaint.

118. SNL denies each and every allegation of paragraph 118 of the Amended Complaint.

119. SNL denies each and every allegation of paragraph 119 of the Amended Complaint.

### SIXTH CAUSE OF ACTION

("Hot News" Misappropriation)

120. SNL incorporates by reference the responses set forth in paragraphs 1 through 120 above.

121. SNL denies each and every allegation of paragraph 121 of the Amended Complaint.

122. SNL denies each and every allegation of paragraph 122 of the Amended Complaint.

123. SNL denies each and every allegation of paragraph 123 of the Amended Complaint.

124. SNL denies each and every allegation of paragraph 124 of the Amended Complaint.

125. SNL denies each and every allegation of paragraph 125 of the Amended Complaint.

126. SNL denies each and every allegation of paragraph 126 of the Amended Complaint.

127. SNL denies each and every allegation of paragraph 127 of the Amended Complaint.

128. SNL denies each and every allegation of paragraph 128 of the Amended Complaint.

129. SNL denies each and every allegation of paragraph 129 of the Amended Complaint.

130. SNL denies each and every allegation of paragraph 130 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

A.M. Best has not registered or preregistered any copyright in its FSRs and therefore has not fulfilled the prerequisite for bringing an action for copyright infringement under 17 U.S.C. § 411(a).

### Third Affirmative Defense

The FSRs are not copyrightable subject matter.

### Fourth Affirmative Defense

A.M. Best's claims for copyright infringement are barred by the idea / expression merger doctrine.

### Fifth Affirmative Defense

A.M. Best's claims for copyright infringement are barred because they seek to prevent the republication of uncopyrightable facts.

### Sixth Affirmative Defense

A.M. Best's claims for copyright infringement are equitably barred under the doctrine of copyright misuse.

### Seventh Affirmative Defense

A.M. Best's alleged copyrights are invalid by reason of one or more of the provisions of 17 U.S.C. §§ 102, 103, and 201, or other provision of the U.S. Copyright laws.

### Eighth Affirmative Defense

Any copying by SNL of any of A.M. Best's copyrighted works is fair use under 17 U.S.C. §107.

### Ninth Affirmative Defense

A.M. Best's third through sixth claims are preempted under 17 U.S.C. § 301.

### Tenth Affirmative Defense

A.M. Best's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and unclean hands.

### Eleventh Affirmative Defense

A.M. Best's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Twelfth Affirmative Defense

A.M. Best has failed to mitigate any damages it has allegedly suffered.

### Thirteenth Affirmative Defense

A.M. Best's claims are barred, in whole or in part, because the FSRs and press releases already were in the public domain.

### Fourteenth Affirmative Defense

A.M. Best's claims are barred, in whole or in part, by the First Amendment of the United States Constitution.

SNL reserves the right to assert such additional affirmative defenses as may become apparent during the course of discovery in this matter.

**WHEREFORE**, SNL respectfully requests the following relief:

(a)      judgment in SNL's favor dismissing all claims with prejudice and denying each and every prayer for relief contained therein;

(b)      reasonable attorneys fees and costs;

(c)      such other and further relief as the Court deems just in the circumstances.

## COUNTERCLAIM

Defendant/Counterclaimant SNL Financial LC ("SNL"), by and through its attorneys, Lowenstein Sandler PC, incorporates the prior paragraphs as if fully set forth herein and asserts the following Counterclaim against Plaintiff/Counterclaim-Defendant A.M. Best Company, Inc. ("A.M. Best"):

### NATURE OF THIS ACTION

1.     This is a counterclaim seeking declaratory relief under the Declaratory Judgments Act, 28 U.S.C. § 2201.

2.     As detailed in the Amended Complaint in this case, A.M. Best alleges, *inter alia*, that its "financial strength ratings" or "FSRs" constitute copyrightable subject matter, are actually copyrighted, and that SNL has infringed the alleged copyright in the FSRs.

3.     Each FSR is a single English letter, sometimes modified by one or two plus signs or one minus sign, which designates the creditworthiness of an insurance company. As such, as a matter of law, the FSRs do not constitute copyrightable subject matter.

4.     SNL hereby seeks a declaration stating that the FSRs are not copyrightable subject matter.

## PARTIES

5.  Defendant/Counterclaim-Plaintiff SNL is a Virginia limited liability company with a principal place of business at One SNL Plaza, Charlottesville, Virginia 22902.

6.  Plaintiff/Counterclaim-Defendant A.M. Best is a New Jersey corporation with its principal place of business at Ambest Road, Oldwick, New Jersey 08858.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202 as the counterclaim is so related to the claims in the original action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

8.  Venue in this District is proper of this counterclaim pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9.  Each FSR consists of one of six ordinary English letters, which may be modified by one or two plus signs or one minus sign. The ratings range from A++ to F. Like the system used to assign letter grades in academic settings, an A++ is the best rating and an F is the worst. A.M. Best publishes a guide that describes and defines each FSR. (*See* Amended Complaint ("Am. Compl."), at Exh. B).

10.  A.M. Best alleges that it expends substantial effort and creativity in connection with its process for determining the financial strength of insurance companies.

11.  Once A.M. Best uses its process to evaluate the financial strength of an insurance company, the FSR it actually assigns is dictated by the rules of the guide attached as Exhibit B to the Amended Complaint.

12. According to the rules dictated by its guide, A.M. Best embodies the result of its analysis of the financial strength of insurance companies in a single letter of the alphabet.

13. A.M. Best alleges that the FSRs are both copyrightable subject matter and actually protected by copyright, and has asserted that SNL infringes such alleged copyrights.

**COUNT I**
**Declaratory Judgment of Noncopyrightable Subject Matter**

14. SNL repeats and reiterates each of the allegations contained in paragraphs 1-13 of the Counterclaim as if set forth herein.

15. Copyright protection is available for "original works of authorship fixed in a tangible medium of expression." 17 U.S.C. § 102(a).

16. The Copyright Act states: "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b).

17. Federal regulations promulgated pursuant to the Copyright Act state that "[w]ords and short phrases" are "not subject to copyright." 37 C.F.R. § 202.1.

18. The time and effort A.M. Best devotes to determining the financial strength of insurance companies does not make the FSRs copyrightable subject matter.

19. The FSRs are not copyrightable subject matter under the Copyright Act.

20. As detailed in the Amended Complaint, A.M. Best has accused SNL of infringing its copyright of the FSRs. Thus, an actual controversy exists between A.M. Best and SNL, within the meaning of 28 U.S.C. § 2201(a).

21. Even if this Court were to ultimately rule in favor of SNL on A.M. Best's copyright claim, such a ruling might not resolve the entire actual controversy between SNL and A.M. Best, because such a ruling might be predicated solely on the principle of fair use. In order to fully resolve the controversy between the parties, SNL requires an order from this Court declaring that the FSRs are not copyrightable subject matter.

22. This Court has authority to declare the parties' rights with respect to a copyright pursuant to 28 U.S.C. § 2201, and SNL respectfully requests that this Court use such authority to issue an order declaring that the individual FSRs are not copyrightable subject matter under 17 U.S.C. § 102 and 37 C.F.R. 202.1.

**WHEREFORE**, SNL respectfully requests the following relief:

(a)     issue a declaratory judgment stating that the FSRs are not copyrightable subject matter;

(b)     reasonable attorneys fees and costs;

(c)     such other and further relief as the Court deems just in the circumstances.

**JURY DEMAND**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Civil Rule 38.1, SNL hereby demands a trial by jury of the Counterclaim.

Respectfully submitted,

**LOWENSTEIN SANDLER PC**
Attorneys at Law
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500
*Attorneys for SNL Financial LC*

Date: January 9, 2012                    By: _____/s/ David Leit_____
                                              **DAVID LEIT**